## Rosado *v.* Rosado.

Apelación procedente de la Corte de Distrito de Mayagüez.

No. 637.—Resuelto en abril 25, 1911.

Alegaciones—Excepción Previa—Falta de Causa de Acción—Apelación.—
Aunque no se haya presentado excepción previa contra la demanda en la corte inferior, sin embargo, si los hechos expresados en la misma no son suficientes para fundar en ellos una sentencia, tal cuestion puede ser considerada por el tribunal de apelación, a pesar de que hay casos en que una demanda puece estimarse suficiente, a falta de excepción, cuando, si se excepcionara, tendría que declararse insuficiente.

Id.—Nulidad de Contrato.—Si las alegaciones de fraude, en una demanda sobre nulidad de contrato, fueren tan vagas y expuestas en términos tales que no sean suficientes para que sobre ellas pueda practicarse prueba, o fundarse una sentencia, pero en cambio resulta clara y explícitamente alegada la falta de la causa, este motivo es suficiente para estimar que la demanda muestra una causa de acción.

Id.—Dolo—Falsedad de la Causa.—Si los hechos alegados y la prueba practicada demuestran que una de las partes en un contrato, prestó su consentimiento por ignorancia y error y que no medió causa alguna en dicho contrato, procede decretar su nulidad.

Id.—Requisitos Esenciales de Todo Contrato—Pruebas.—Los elementos esenciales de todo contrato pueden ser objeto de investigación y prueba en el juicio, a fin de determinar su existencia y la consiguiente validez del contrato, y en su virtud, confesado, por una parte, el recibo del precio de la venta, en un contrato otorgado por documento público, puede, no obstante, investigarse la existencia de la causa de dicho contrato, y admitirse prueba tendente a establecer su falsedad.

Id.—Doctrina de Estoppel.—La doctrina de *estoppel* que impide a una parte volver sobre sus propios actos cuando otras han actuado por virtud de ellos en perjuicio propio, no es aplicable a la admisión del vendedor con respecto al recibo del precio de la venta en un contrato otorgado por documento público, al efecto de impedirle volver sobre su admisión e impugnar la existencia de la causa.

Id.—Prueba Extrínseca.—La admisión de prueba extrínseca, con respecto al otorgamiento de un contrato, es admisible en los casos en que se trate de impugnar su validez, como cuando se alega la falta de causa.

Id.—Contratos Fraudulentos.—Aunque el otorgante de un contrato en fraude de acreedores no puede invocar el auxilio de las cortes de justicia para anular el traspaso que de sus bienes hiciera y obligar al comprador a que le devuelva los bienes así adquiridos, sin embargo, para que la corte se niegue a intervenir y deje a las partes en la situación en que su propio fraude las colocara, es necesario que se justifique la existencia real y efectiva de los créditos que el enajenante trataba de burlar.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Martín Travieso y José Ramón Freyre.*

Abogado del apelado: *Sr. José E. Benedicto.*

El Juez Asociado Sr. MacLeary, emitió la opinión del tribunal.

Se inició esta acción en la Corte de Distrito·de Mayagüez para que se declarase nula y sin ningún valor ni efecto, una escritura de compraventa otorgada por una hermana a favor de otra, por no mediar causa en el contrato y existir fraude en su otorgamiento. El día 27 de agosto último dictó la corte sentencia a favor de la demandante en los términos siguientes:

"En el presente caso, la demandante, Josefa Rosado y Casas, aparece vendiendo a la demandada Carmen Rosado y Casas, ·la finca rústica que se describe en la demanda. La demandante asegura, que a pesar de haber confesado ante el Notario Sr. Riera Palmer, haber recibido la cantidad. que se especifica en la escritura como precio de la venta, es lo cierto que nunca se verificó el referido pago por la compra. Las alegaciones de la demanda han quedado plenamente probadas. La evidencia introducida es clara y robusta; la demandante revela ser una mujer sencilla y completamente ignorante, según se deduce de su manera de declarar y del modo de conducirse ante· la corte. Hemos estudiado detenidamente este caso y varias veces nos hemos sentido perplejos en nuestro deseo de hacer justicia y de cumplir estrictamente con los requisitos de la ley. Afortunadamente hemos encontrado una sentencia dictada por el Tribunal Supremo de España en seis de junio de 1899, que tiene mucha analogía con el presente caso y cuya doctrina bien podemos aplicarle, sin escrúpulos de ninguna clase. La equidad y la justicia reclaman una sentencia favorable a la demandante y así la pronunciamos, sin apartarnos, a nuestro juicio, de los preceptos legales que tenemos el deber ineludible de respetar.

"Considerando, pues, que el error que anula el consentimiento prestado en un contrato ha de recaer necesariamente

sobre la substancia de la cosa que fuera objeto del mismo, según lo prevenido en el Código Civil revisado y estimando la corte, por el resultado de la prueba, que Da. Carmen Rosado y Casas no entregó a su hermana Da. Josefa Rosado y Casas, el precio que figura como recibido con anterioridad en la escritura de venta, habiendo sido dicho documento público otorgado por la iniciativa de la demandada, consignando un contrato simulado, al cual dió con error y por ignorancia, su consentimiento la supuesta vendedora y siendo evidente que habiendo recaído error sobre el mismo afectó esencialmente a la substancia de la cosa que fué su objeto, creemos pertinente declarar nula e ineficaz la referida escritura, sentencia del Tribunal Supremo de España de 6 de junio de 1899.

"Por las razones expuestas, la corte declara nula e ineficaz, la escritura de dos de enero de 1909, otorgada por las litigantes, en la que aparece que Da. Josefa Rosado y Casas vendió a su hermana Carmen Rosado y Casas la finca rústica que se describe en la demanda ordenándose que se cancele la inscripción de dicho título en el registro de la propiedad a favor de la demandada Carmen Rosado y Casas, debiendo expedirse el correspondiente mandamiento para dicha cancelación y ordenándose que quede dueña de la finca por su legítimo título, la demandante Josefa Rosado y Casas, imponiéndosele las costas a la demandada."

En el alegato de la apelante se consignan cinco errores que se dicen cometidos por la corte inferior, los que copiados literalmente son como siguen:

"Alegamos, en primer término, que la demanda interpuesta por Josefa Rosado y Casas contra Carmen de los mismos apellidos, sobre nulidad de contrato no aduce hechos suficientes para determinar una causa de acción.

"Alegamos, en segundo término, que la prueba practicada en el juicio de este caso, el día 23 de agosto de 1910, no es suficiente para soportar la sentencia dictada por la corte el día 27 del mismo mes, siendo, además, una prueba insustancial y de carácter contradictorio.

"Alegamos, en tercer término, que la corte inferior cometió error al admitir que la demandante negara en el juicio haber recibido el precio de la venta, después de haber hecho tal manifestación a presencia del notario otorgante de la escritura, y a pesar de la advertencia de este funcionario a las partes contratantes, de que: 'Confesado el recibo del precio de la venta, no cabe excepción contra la certeza de dicha confesión, aún cuando luego resulte incierta la entrega en todo o en parte.'

"Alegamos, en cuarto término, que la corte cometió error al admitir evidencia extrínseca tendente a alterar, variar o modificar los términos del contrato escrito, toda vez que dicha prueba no tendió a demostrar la existencia de un contrato colateral independiente concertado en el mismo acto, y demostrado por prueba suficiente, del otorgamiento de la escritura.

"Alegamos, en quinto término, que la corte cometió error al dictar sentencia de la manera y forma como lo hizo, porque si de la sentencia y de la declaración del testigo Miguel Castro apareciere que la venta se consumó para evitarse reclamaciones de justas deudas, la corte no ha debido prestar su ayuda a la demandante y ha debido dejar a las partes en la situación en que se encontraban antes de la interposición de la demanda, por haber carecido de toda acción entre sí, por ser dicho contrato uno en contra de la administración de justicia."

Pasemos a discutir dichos errores por su orden numérico regular, en la forma en que lo han hecho tánto el apelante como el apelado, que dicho sea de paso, es una práctica recomendable, pues con ella se simplifican las cuestiones envueltas en los casos que se someten a nuestra consideración y facilita a la corte una ayuda de gran importancia en la resolución de los mismos.

(*a*) En *primer* lugar, veamos si la demanda contiene hechos suficientes para determinar una causa de acción. Después del preámbulo usual alega la misma haberse hecho la en-

trega de *una* escritura que fué otorgada ante notario, en la que aparece vendiendo la demandante a la demandada una finca de 72 cuerdas de terreno.

(*b*) Que consta de dicha escritura haberse verificado la venta por el precio de $1,600, cantidad que se confesó en la demanda haber sido recibida por la vendedora con anterioridad al otorgamiento de la escritura.

(*c*) Que dicha escritura no es válida por haber existido causa en la misma, puesto que el precio de la venta nunca fué satisfecho, así como tampoco medió promesa ni remuneración si bien se confesó en la referida demanda haberse recibido el precio, fórmula que se empleó de mutuo acuerdo por el motivo allí expresado.

(*d*) Que las partes llevaban una vida harmónica, acostumbrando la demandante seguir las indicaciones y consejos de la demandada como hermana mayor y de más experiencia, y bajo tal ascendiente o influencia moral fué persuadida por ella para que pusiese en su nombre la propiedad de la finca rústica descrita, manifestándole, entre otras razones, que debía hacer eso con el fin de evitar que en sus manos pudiera perderse la finca, prometiéndole que, pasado el peligro, le restituiría la propiedad.

(*e*) Que la finca está en arrendamiento en poder de Don Blas Martínez, con promesa de venta que le hizo la demandante.

(*f*) Que recientemente la demandada alega que la finca es de su exclusiva propiedad, no teniendo que ver nada ésta con ella, puesto que con su importe ha pagado deudas que tenía Don Guillermo Quiñones, finado esposo de la demandante, y ha intentado también sorprenderla queriendo darle alguna cantidad, previo un meditado recibo o documento privado.

(*g*) Aparte de que ningún contrato ha existido con semejante objeto, que es cierto que las únicas pequeñas deudas que tenía el finado esposo de la demandante, fueron satisfechas por la viuda de los bienes dejados a su fallecimiento y que la

finca en cuestión fué adjudicada, entre otros bienes, a la demandante.

(*h*) Que por los actos de la demandada quedaría la demandante en la miseria más grande, que parece ser el punto a que quiere conducirla.

(*i*) Por lo que el demandante solicita se cancele la escritura de compraventa y su inscripción, etc.

Durante el juicio no se formuló excepción alguna a la demanda; sin embargo, si es enteramente insuficiente para fundar en ella una sentencia, podemos considerar esa cuestión en apelación, si bien es cierto que muchas demandas podrían considerarse suficientes en casos como éste, las que no prevalecerían si se formularan contra ellas excepciones previas en debida forma en la corte inferior. (Véase *López* v. *American Railroad Company,* resuelto por este tribunal en 28 de junio de 1906.)

La alegación referente al fraude que se supone cometido es muy vaga y hasta la malévola influencia del demandado y ejercida por éste sobre la demandante, no ha sido expresada en términos explícitos. El fraude no se ha alegado suficientemente para que se admita prueba o pueda sostenerse una sentencia que se funde en el mismo. (*Fernández* v. *Moral,* resuelto por esta corte en 10 de mayo de 1910; artículo 1237 del Código Civil.) Pero la falta de causa se imputa de modo claro y explícito. Por lo tanto, debemos limitar a la demandante a esa alegación en sus esfuerzos hechos para que se anule la escritura.

Este fundamento por sí solo es suficiente para fundar una causa de acción y sostener la sentencia que se dicte. Por tanto, no estamos de acuerdo con el primer error alegado; y debemos declarar que los hechos alegados son suficientes.

En *segundo* lugar, la prueba presentada por el demandante durante el juicio ¿es suficiente para sostener la sentencia dictada? Los hechos esenciales que han sido probados son los siguientes:

"De las declaraciones prestadas bajo juramento en el acto

de la vista por la demandante Josefa Rosado y por los testigos Blas Ramírez, Rafael Maranges, Raimundo Ortiz y Miguel Castro, presentados por la misma demandante, resultan plenamente demostrados los siguientes hechos:

"Que la escritura de traspaso de la aludida finca a favor de la demandada, se otorgó de común acuerdo entre las dos hermanas en virtud de la insistencia de Carmen, que constantemente amenazaba a Josefa con supuestos acreedores y pleito que le harían perder la finca sino realizaba dicho traspaso.

"Que en el indicado contrato no medió precio alguno.

"Que Carmen Rosado carece de recursos, sosteniéndose del producto de un ventorrillo, que según declaración del testigo Blas Ramírez, valdrá cuatro, seis o siete pesos, careciendo de metálico para comprar la finca.

"Que Doña Josefa Rosado ha quedado en la miseria, pues lo único que tenía eran doscientos cincuenta dollars anuales del arrendamiento de la misma finca, cuya cantidad también le ha quitado su hermana Carmen."

Los hechos han sido referidos de modo claro por los diferentes testigos y cualesquiera contradiciones de poca importancia que puedan aparecer, no son esenciales ni llegan a ser suficientes para hacer que se dude con respecto a las declaraciones. Es cierto que no se ha alegado directamente que el demandante estuviera inducido por ignorancia y con motivo de un error a otorgar la escritura que ahora trata de anular, pero los hechos alegados muestran que este es el caso, y la prueba justifica a la corte en haber alcanzado tal conclusión, habiéndose probado de modo pleno que no medió dinero u otra causa entre las partes, que pudiera servir de causa al traspaso de la finca hecho por una hermana a favor de la otra. De modo que el segundo error alegado no encuentra apoyo alguno en los autos.

En *tercer* lugar, cometió error la corte inferior al permitir que el demandante negara haber recibido el precio de la venta, especificado en la escritura, hecho que fué admitido a presencia del notario otorgante de la escritura y a pesar de

la advertencia hecha en ella de que: 'confesado el recibo del precio de la venta, no cabe excepción contra la certeza de dicha confesión, aún cuando luego resulte incierta la entrega en todo o en parte.'

La doctrina de *estoppel* (admisión innegable) no puede ser invocada en este caso. Existe un *estoppel,* (admisión innegable) cuando una parte manifiesta que un hecho existe y la otra parte actúa de acuerdo con tal manifestáción en perjuicio propio, no permitiéndose entonces al primero que niegue la alegación que primeramente hiciera. Eso no sucede en el presente caso. Si el comprador no pagó dinero alguno al vendedor, éste sabía lo que pasaba y ningún acto de ella estuvo fundado en tal manifestación. No hay *estoppel*. Se dice en nuestro Código Civil (Art. 1242) que los contratos sin causa no producen efecto alguno; y que la expresión de una causa falsa en un contrato (Art. 1243) da lugar a la nulidad del mismo. Y el artículo 1244 del Código Civil permite que se presente prueba contradictoria a la existencia de una causa que pueda sostener un contrato. Y se declara además en el artículo 1245 del Código Civil que:

"Los contratos serán obligatorios, cualquiera que sea la forma en que se hayan celebrado, siempre que en ellos concurran las condiciones esenciales para su validez."

Por consiguiente, se ve claramente que está permitida la investigación con respecto a las condiciones esenciales de un contrato una de la cuales es la existencia de una causa suficiente. En verdad que sería extraño que la ley considerara un contrato como nulo por expresarse en el mismo una causa falsa y no permitiera prueba referente a su falsedad. La ley civil, según se encuentra en nuestro código, no difiere esencialmente en este punto de la ley común que siempre ha permitido que se muestre en el juicio la falta de una causa suficiente, aunque en la escritura se haya expresado una causa.

Por lo tanto, la corte inferior no cometió error al permitir que el demandante negara que pasara dinero alguno entre

las partes y que fuera sostenida esta negativa, mediante prueba.

En *cuarto* lugar, veamos si la corte inferior cometió o nó un error al admitir evidencia extrínseca tendente a alterar, variar o modificar los términos del contrato escrito. De un examen cuidadoso de los autos se verá que la evidencia presentada fué para probar la falsedad de la causa expresada en el contrato, que era legítima. De igual modo puede deducirse que el objeto de tal prueba en la forma en que se presentó sobre este particular era mostrar un convenio entre las partes por virtud del cual la demandada estaba obligada a devolver la finca a la demandante tan pronto pasara el peligro que se suponía existía.

La ley de evidencia en su artículo 25, permite la presentación de evidencia extrínseca, cuando el hecho en discusión es la validez del convenio. Ese es el caso en el presente pleito. Se alega aquí que la escritura de traspaso que se ataca es nula por falta de causa; y el objeto principal de este pleito es anularla por tal razón.

Este Tribunal Supremo ha sentado ya jurisprudencia sobre el particular.

En el caso de *El Banco Español de Puerto Rico* v. *Herminio Díaz Navarro y otros,* aparece que fueron vendidas varias fincas y créditos por valor de sesenta y tres mil dollars, de cuyo pago dió fe el notario autorizante. En la corte inferior se propuso y admitió prueba testifical para probar la falsedad de la causa.

En sentencia de veinte y tres de mayo de mil novecientos cuatro, esa honorable corte, resolviendo la apelación en el mismo caso, dijo:

" '*Considerando:* que fundándose el contrato en una causa que la prueba ha demostrado que es falsa y no habiéndose intentado siquiera probar por los demandados a quienes correspondía que se fundó en otra verdadera y lícita, hay que convenir que son nulos y no producen efecto alguno.' "

"2 Decisiones de P. R., 88.

En un caso igual, el de *Alonso del Río* v. *Saturnino Sastre y otros,* resolvió esa corte en veinte y dos de junio de mil noveciento cinco, que no habiéndose probado que Sastre tuviera recursos para comprar la finca vendida, resulta el contrato nulo por falta de causa o de prestación del precio.

3 Decisiones de P. R., 551.

Por lo tanto, debe considerarse como bien establecido que la causa en una escritura de traspaso puede ser atacada en un pleito para anular la misma, pudiendo presentarse prueba tendente a mostrar que no medió dinero alguno entre las partes.

Por último, y en *quinto* lugar, podemos decir que la corte dictó sentencia en debida forma a favor del demandante, no habiéndose cometido durante el juicio el último error que se alega. Es bien sabido que cuando una persona hace un traspaso fraudulento de una propiedad con el fin de eludir el pago de sus legítimas deudas, no puede dicha persona obligar al comprador a que le traspase de nuevo la propiedad en cuestión mediante una acción establecida en una corte de justicia. La ley no interviene para nada con las partes que llevan a cabo el traspaso fraudulento, y se niega a prestar su ayuda a ninguna de dichas partes, por lo que se dice *Potior est condition defendentis.* Pero en el caso presente no hay prueba alguna de que existieran deudas de ninguna clase en contra del demandante de las que tuviera motivos para abrigar temores o que se viera inducida a hacer el traspaso para evitar el pago de las mismas. Este argumento puede haberse empleado para inducir al otorgamiento del traspaso, pero la existencia de la deudas no se probó, sino que en realidad fué negada, no pudiendo negarse por tal motivo la ayuda de las cortes. La hermana menor fué la víctima por la absoluta confianza que tenía en su hermana mayor.

No se ha alegado formalmente por la demandada que el precio de compra del terreno fuera alguna vez satisfecho a la demandante. Si fué una razonable y equitativa transacción comercial se debió haber presentado prueba con respecto

a ese extremo y tendente a probarlo. Por lo menos el demandado en su declaración debió haber hecho referencia de ese hecho. En vez de eso se nos han presentado argumentos y objeciones y citas de autoridades que no son de aplicación, no siendo nada de esto lo que exigía el caso del apelante en esta controversia.

Puede ser que las alegaciones contenidas en los alegatos sean en algunos respectos vagas y que la prueba no sea completamente clara, y que la sentencia de la corte inferior no haya estado fundada en verdaderos motivos; sin embargo, los alegatos y pruebas son suficientes para que pueda basarse en ellos una sentencia a favor de la demandante por la que quede anulado el contrato de compraventa, y siendo la sentencia recurrida una justa, no debe ser modificada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.