Martínez, Demandante y Apelada, *v.* Cerezo, Demandado y Apelante.

Apelación procedente de la Corte de Distrito de Aguadilla en pleito sobre nulidad de contrato.

No. 1627.—Resuelto en julio 26, 1917.

Arrendamiento—Nulidad de Contrato—Falta de Causa—Causa Distinta de la Expresada—Prueba.—Cuando en un pleito sobre nulidad de un contrato de arrendamiento otorgado entre demandante y demandado, que son madre e hijo, por no existir causa o consideración, el demandado alega, conforme el artículo 1243 del Código Civil que la causa del contrato fué otra, la de haber pagado una hipoteca que pesaba sobre la propiedad arrendada, a él corresponde la prueba. En el presente caso el tribunal estimó que no hubo prueba alguna de la existencia de un contrato perfecto y que en el juicio se demostró la falta de causa.

Id.—Id.—Conocimiento Judicial—Error no Perjudicial.—En la consideración de un pleito civil para que se anule un contrato sin causa, la corte no puede tomar conocimiento judicial de los autos de una causa criminal seguida contra el demandado, para probar su juicio y convicción por un delito, si ésta no se presentó en la vista del pleito; pero tal consideración de prueba por el juez no es un error perjudicial suficiente a revocar la sentencia, si el demandado en su declaración se refiere a ella.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Juan de Guzmán Benítez.*

Abogados de la apelada: *Sres. Reichard & Reichard.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

En este caso existe prueba tendente a demostrar todas las alegaciones de la demanda como sigue:

"I. Que la demandante tiene más de ochenta años de edad, y no sabe leer ni escribir, que su hijo el demandado también es mayor, y que ambos son vecinos de este Municipio de Aguadilla y tienen capacidad para demandar y ser demandados.

"II. Que en las operaciones particionales del caudal relicto al fallecimiento de su esposo, se adjudicó a la demandante, en pleno dominio, la finca descrita a continuación:

'Rústica, sita en el barrio de Palmar de Aguadilla, de ciento veinte y seis y media cuerdas de terreno, en lindes al norte con Mariano García y Sucesión de Nicasio Conti; al sud, con Juan Amell, hoy Sucrerie Centrale Coloso de Porto Rico; al este, con Cristina Mar-

tínez, en la actualidad la misma y Sucrerie Centrale Coloso de Porto Rico; y al oeste, con Antonio Rivera, Emiliano Loperena y Félix Benítez, ahora Ceferino Valle, Juan Reyes Acevedo, José Rivera y la Sucrerie Centrale ya nombrada, atravesada de este a oeste por la carretera que de esta ciudad conduce a Moca y conteniendo una casa habitación.''

"III. Que por escritura de 30 de diciembre pasado, otorgada ante el Notario Don Juan. García Ducós, inscrita en el registro de la propiedad del distrito al folio 148 del tomo 27 de este Ayuntamiento, la demandante aparece segregando ·del inmueble antes reseñado la siguiente parcela:

'' 'Predio sito en el barrio de Palmar de Aguadilla, compuesto de cuarenta y dos cuerdas de terreno, en lindes al norte con Cristina Martínez; al sud, con Juan Amell, hoy Sucrerie Centrale Coloso de Porto Rico; al este, con Cristina Martínez, ahora dicha Sucrerie y con tierras cuyo usufructo pertenece a la demandante y cuya nuda propiedad es de sus hijos, y la Sucrerie citada, José Rivera, Juan Reyes Acevedo y Ceferino Valle, antes Antonio Rivera, Emiliano Loperena y Félix Benítez al oeste, atravesada de este a oeste por la carretera que de Aguadilla conduce a Moca y conteniendo una casa habitación.'

"IV. Que por dicho instrumento la demandante da en arrendamiento la parcela que se acaba de deslindar a su hijo el demandado, de acuerdo con los siguientes pactos:

'' 'A. El término del arrendamiento es de diez años contados desde la fecha del contrato, que expira en 31 de diciembre de 1925.

'' 'B. El canon de arrendamiento es de dos mil cien dólares por todo el expresado término, suma que la arrendadora confiesa recibida del arrendatario.

'' 'C. El arrendatario cultivará las tierras a uso y costumbre de buen labrador.

'' 'D. Al expirar el contrato el arrendatario será totalmente satisfecho del importe de las plantaciones y mejoras que existan introducidas por él en la finca arrendada.

'' 'E. Se eligen los Tribunales de Aguadilla para dirimir cualquiera cuestión a que pudiera dar lugar el expresado contrato.'

"V. Que aunque consta en la referida escritura que la demandante recibió con anterioridad al otorgamiento dos mil cien dólares como canon durante los diez años de arrendamiento, el demandado jamás satisfizo a la demandante la referida suma ni ninguna otra por el referido concepto, ni por ningún otro.

"VI. Que la demandante otorgó el arrendamiento ya relacionado

a instancias de su hijo el demandado, en cuya compañía vivía, y cuyos consejos e indicaciones seguía la demandante, por tener aquél sobre ésta gran ascendiente y por profesarle ella mucho cariño por ser el menor y más desgraciado de sus hijos, y bajo tal ascendiente o influencia moral fué persuadida por él de que hiciera tal contrato de arrendamiento sin causa, bajo la promesa de su hijo el demandado de que así quedaban protegidos los intereses de la demandante, de personas que trataban de explotarla, y que él cultivaría la finca, tendría a la demandante siempre a su lado y atendería a todas sus necesidades; y

"VII. Que tan pronto como el demandado obtuvo de la demandante el arrendamiento simulado de que se ha hecho mención, dejó de facilitarle lo más indispensable para la subsistencia, lanzándola de la casa de su propiedad enclavada en el inmueble descrito en el hecho III que ocupaba en unión del demandado, y dejándola sumida en la mayor aflicción y miseria, pues la parcela arrendada es la única parte de la finca de su propiedad que se reseña en el hecho II que tiene terrenos buenos y productivos, siendo su valor en arrendamiento no menor de quinientos dólares anuales.

"En mérito de lo expuesto, la demandante suplica a esta Honorable Corte que, previas las formalidades de Ley, dicte una sentencia a su favor y contra el demandado declarando con lugar la presente demanda; decretando que es nula y sin valor ni efecto legal alguno la escritura de arrendamiento citada en el hecho III; ordenando que en el registro de la propiedad del distrito sea cancelada la inscripción de dicho arrendamiento; disponiendo que la demandante sea restituída en la posesión, uso y disfrute de la parcela de 42 cuerdas de terreno de su propiedad que se reseñan en el hecho III; y condenando al demandado al pago de costas, gastos y honorarios de abogado, con los demás pronunciamientos de ley. Aguadilla, P. R., abril 7 de 1916. (Firmado) Reichard & Reichard, Abogados de la demandante."

La teoría en que se apoya la contestación es la de que el demandado había pagado una hipoteca que pesaba sobre la finca descrita en la demanda por la suma de $1,300 que su madre debía. El apelante insiste en su alegato en que, aunque la causa exacta no puede probarse, es suficiente probar la existencia de otra, y cita al efecto el artículo 1243 del Código Civil. Se admite implícitamente que la causa era distinta de la expresada en el contrato, por tanto, el peso de la prueba quedaba de parte del apelante para demostrar la

existencia de la hipoteca y el pago de la misma por él.   Presentó prueba de que la hipoteca existía en realidad; pero como la demandante en su declaración como testigo negó haber recibido nada, deducimos de la prueba que el montante de la hipoteca realmente fué una suma de dinero que debitaba el demandado a un tal Aniceto Ceide.  Este último declaró como testigo y de su declaración aparece que todos sus tratos los había realizado con el demandado; que el dinero de la hipoteca le fué entregado al demandado; y que el testigo y el demandado continuaron haciendo contratos de refacción. Si tuviéramos necesidad de hacer deducciones, no vacilaríamos en llegar a la conclusión que al cancelarse la hipoteca el demandado cancelaba una deuda suya propia y no de su madre, y que no medió ninguna causa en este respecto entre él y ella en el otorgamiento del arrendamiento.   Según ya hemos dicho, el peso de la prueba gravitaba sobre él para demostrar la existencia de alguna causa, y esto lo dejó de hacer el demandado a satisfacción tanto de la corte inferior como de esta corte.

Una gran parte del argumento del apelante consiste en sostener que la apelada voluntariamente contrató con pleno conocimiento de todas las condiciones, y que deseaba dar en arrendamiento dichos terrenos a su citado hijo.  La contestación del apelante demuestra, sin embargo, que no insistía en nada que se asemejara a un regalo o donación, sino en la existencia de un contrato verdadero celebrado entre él y ella, lo cual encontramos no está justificado por los hechos.  Se presentó prueba para demostrar en este caso que cuando se le presentó por primera vez la escritura de arrendamiento a su madre para que la firmara, ella se negó a hacerlo, si bien es verdad que fundada en que el término del contrato era demasiado largo.  Luego sigue una prueba abundante que demuestra que ella fué persuadida y amenazada para que firmase la escritura de arrendamiento bajo condiciones que tienden a sostener la teoría de la demanda de que ella no recibió causa o consideración alguna.

Estimamos que no hay prueba alguna de la existencia de un contrato perfecto, y creemos que en el juicio se demostró la carencia de causa.

Convenimos con el apelante en que la corte inferior no tenía derecho de tomar conocimiento judicial de ninguna parte del juicio y convicción del demandado-apelante por un delito que no fué probado o sugerido en el juicio de este caso. La corte no tenía derecho de ir a sus récords para ampliar la prueba sin notificación al apelante, aún suponiendo que tal prueba fuese pertinente. Sin embargo, el mismo apelante declaró con relación al hecho de su juicio y convicción por un delito, aunque no con todos los detalles expuestos por la corte en su opinión. No estimamos que sea éste un error perjudicial suficiente a revocar la sentencia. Estamos conformes con el apelante en que la opinión de la corte entra a considerar cuestiones de intimidación y dolo en cierta forma no por completo justificada por las alegaciones de la demanda. Tanto es así, que si no estuviésemos satisfechos de que la falta de causa ha sido probada, abrigaríamos serias dudas respecto a la sentencia apelada. La opinión, sin embargo, no es la sentencia, y estimamos que, aunque la corte tuvo en cuenta materias no claramente alegadas en la demanda hay suficiente prueba—toda la cual ha sido prácticamente admitida sin oposición—que nos convence que no medió causa alguna en el contrato.

La presentación de prueba tendente a demostrar la actitud amenazadora y desagradable del hijo respecto a este arrendamiento contribuyó a probar la falta de causa. La lucha en la corte inferior versó mayormente sobre cuestiones de intimidación y dolo, las que eran admisibles como tendentes a demostrar que estas cosas y no una causa real fueron las que motivaron el otorgamiento del contrato. Estimamos que la corte inferior consideró la prueba desde el punto de vista de la falta de causa. Esto se ve por las citas que hace de los artículos 1228, 1242, 1244 y 1245 del Código Civil, todos los cuales se refieren a la causa de las obligaciones y contra-

tos.   Es cierto que también cita la corte los artículos 1234, 1236 y 1237 del propio Código Civil que se refieren a la intimidación y dolo.   De aquí que el caso de *Rosado* v. *Rosado,* 17 D. P. R. 471, sea de perfecta aplicación.   En ese caso la demanda contenía vagas insinuaciones de dolo y malévola influencia, así como la demanda del presente caso contiene insinuaciones más bien que alegaciones de dolo e intimidación, pero esta corte sostuvo que los esfuerzos de la demandante (p. 476) debían limitarse a la falta de causa, lo que repetimos en este caso.

La sentencia debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.