FEBRES, DEMANDANTE Y APELANTE, *v.* FEBRES, DEMANDADO Y APELADO.

No. 3354.—*Visto:* Enero 14, 1925.   *Resuelto:* Febrero 3, 1925.

DAÑOS Y PERJUICIOS—CESIÓN NULA—CONTRATO SIN CAUSA.—Habiendo admitido el demandado en la contestación que el precio que se hizo figurar en la escritura de cesión nunca fué entregado a la demandante, hay que concluir que la cesión fué nula por falta de causa.

ID.—PRUEBA DE LOS DAÑOS—*Nonsuit.*—Admitido por el demandado que un testigo del demandante declararía que la finca tenía un valor de $4,500 en el momento de la cesión cuya nulidad se alega, es preciso concluir, al considerar una moción de *nonsuit,* que la demandante probó el valor de los daños alegados.

SENTENCIA de *M. Rodríguez Serra,* J. (Segundo Distrito, San Juan), declarando sin lugar la demanda, con costas. *Revocada y devuelto el caso.*

*P. G. Quiñones,* abogado de la apelante; *Campillo & Campillo,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

El objeto de este pleito es que sea declarada nula la escritura de 28 de junio de 1920, ratificada por otra de 21 de febrero de 1921, por la que la demandante cedió al demandado los derechos y acciones que como heredera de su madre tenía sobre cierta finca, alegándose que fué otorgada mediante engaño del demandado y que no medió causa para ella por no haber recibido nunca la demandante los $500 que como precio de la cesión se hizo constar en la escritura que había recibido antes de su otorgamiento; y se pide que toda vez que la finca pertenece ahora a tercera persona, se condene al demandado a pagar a la demandante la cantidad de $2,250 como indemnización, más sus intereses legales desde la fecha de la escritura.

Contestó el demandado, y cuando la demandante terminó la presentación de su prueba en el juicio, el demandado solicitó que se dictase sentencia a su favor por ser insuficiente la prueba presentada para dictar sentencia condenatoria (*nonsuit*) y la corte así lo hizo fundándose en que no se había probado el engaño ni la realidad y cuantía de los perjuicios reclamados, contra cuyo fallo interpuso la demandante este recurso de apelación.

Hemos examinado la evidencia presentada por la demandante y convenimos con la corte inferior en que no prueba que la cesión de derechos fué otorgada en virtud de engaño del demandado, pues la única evidencia sobre ese particular fué de referencia y muy vaga, por lo que dicho contrato no puede ser anulado por ese motivo; pero habiendo admitido el demandado en su contestación que el precio de la cesión que se hizo constar en la escritura como recibido nunca fué entregado a la demandante porque la finca nunca fué de la madre de los litigantes sino del demandado, aunque el título

de propiedad y la inscripción en el registro se hizo a nombre de la madre por conveniencia del demandado, y que para normalizar esa situación, que conocía la demandante, fué que convinieron en otorgar por un precio convencional la escritura de cesión de los derechos hereditarios que aparecía tener la demandante y que en realidad no tenía, tenemos que llegar a la conclusión de que dicho contrato carece de causa, mientras no se pruebe otra verdadera y válida, de acuerdo con los artículos 1228, 1242 y 1243 del Código Civil y nuestras sentencias en los casos de *Rosado v. Rosado,* 17 D.P.R. 471, y *Martínez v. Cerezo,* 25 D.P.R. 709, por lo que dada la admisión del demandado sólo restaba a la demandante probar que había sufrido perjuicios y su cuantía.

Cuando la demandante quiso demostrar los daños sufridos probando que la finca tenía un valor de $4,500 cuando fué otorgada la escritura de cesión, el demandado admitió que el testigo que se quería presentar con tal fin declararía que dicha cantidad era el valor de la finca en aquella fecha; y como al resolver una moción de sobreseimiento (*nonsuit*) por insuficiencia de la prueba del demandante, el tribunal debe admitir como ciertos todos los hechos a que se refiere la prueba presentada por el demandante, según dijimos en el caso de *Rosado v. Ponce Railway & Light Co.,* 18 D.P.R. 609, hemos de concluir que la demandante probó el valor que la finca tenía cuando otorgó la escritura de cesión nula por falta de causa, y como à ella no se le ha pagado precio alguno por dicha cesión resulta una realidad que sufrió perjuicios con el otorgamiento de la expresada escritura y que su cuantía es de $2,250 porque sus derechos en la finca eran por una mitad de ella.

Por lo expuesto la sentencia apelada *debe ser revocada* y devolverse el caso para ulteriores procedimientos.

El Juez Asociado Sr. Wolf no intervino en la resolución de este caso.